## IN THE COURT OF APPEALS OF IOWA

No. 14-0109
Filed October 29, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DOUGLAS DANIEL MARTIN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lucas County, Sherman W. Phipps, Judge.

Douglas Martin appeals the sentence imposed after pleading guilty to third-degree sexual abuse. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellee.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, and Paul M. Goldsmith, County Attorney, for appellee.

Considered by Danilson, C.J., Tabor, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Douglas Martin appeals the sentence imposed after pleading guilty to third-degree sexual abuse, in violation of Iowa Code section 709.4(2)(c)(4) (2013).  He contents the district court abused its discretion by denying his request for a suspended sentence.

The district court sentenced Martin to an indeterminate term of incarceration not to exceed ten years.  Because this sentence is within the statutory limits, it will only be overturned for an abuse of discretion or the consideration of inappropriate matters.  *See State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013).  In determining whether an abuse of discretion has occurred in sentencing, "it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2006).  We also consider other factors, such as "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform."  *Id.* at 725.  The sentencing court is afforded latitude in determining sentences, so "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."  *Id.*

Martin argues the district court abused its discretion in failing to "properly take into account" his "unique history and circumstances."  The district court made the following statement at sentencing:

> Specifically in this case, with regards to your request for suspended sentence of some sort, I have some concerns as to how

well that would protect the community from further acts of this nature. And I'll explain to you why that is.

You, you do have some prior record with the criminal justice system. And that's all set out in the presentence investigation. And you've reviewed that also.

I think what troubles me the most about that is that you had a deferred judgment back in 2006 and apparently violated, with the deferred judgment, probation. And apparently you violated that probation several times, until it was finally revoked and your deferred judgment— You lost your deferred judgment, I guess would be the way to say that, and you were incarcerated.

. . . .

Given the history that you have, including the fact that even while this matter has been pending you've participated in and ultimately pled to or were found guilty of a domestic assault, and based on the information set out in the presentence investigation, I really question whether or not you would be able to successfully complete another probation at this point in time.

I note that the presentence investigation on page 10 says that you are amenable for sex offender treatment. However, they recommend that that treatment be provided in a structured correctional environment rather than a community-based corrections environment.

And I also note that the presentence investigation recommends imprison—a term of imprisonment rather than probation.

Martin was then given the chance to address the court's concerns. Most of Martin's criminal history occurred five or more years before the incident leading to his sexual-abuse conviction, and Martin stated that he had changed a lot since then. He also talked about his young son. The court then stated its belief a suspended sentence would not adequately protect the community. It also stated that based on Martin's past conduct, it believed Martin would not follow through on the recommended sex offender treatment if given a suspended sentence.

The sentence imposed by the district court enjoys a strong presumption in its favor that will not be overcome unless the defendant shows an abuse of discretion. *Id.* at 724. "An abuse of discretion will not be found unless we are

able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

The record before us shows the district court acted within its discretion in sentencing Martin to a term of incarceration and denying his request for a suspended sentence. The court weighed the appropriate factors and determined that incarceration was necessary to protect the community and rehabilitate Martin. The reasons given were not clearly untenable and the court did not exercise its discretion to an extent clearly unreasonable. Because Martin has failed to show an abuse of discretion, we affirm.

**AFFIRMED.**